Freedman, J.
At the trial, a verdict was directed in favor of the plaintiffs, and the trial Judge directed that the exceptions taken by the defendants be heard at general term in the first instance, and that the entry of judgment be suspended in the meantime.
The action is ejectment to recover possession of a lot of land, known as No. 398 Tenth avenue between Thirty-second and Thirty-third streets, in the city of New York.
On January 17th, 1841, Theodore B. Tallmadge died, seized of the premises in question, leaving him surviving two daughters, his only heirs at law, one of whom is the plaintiff, Angelina T. Arthur, and the other of whom, Laura E. Bolton, was the wife of the plaintiff, James Clinton Bolton. Laura E. Bolton after-wards died, leaving a will devising all her real estate to the plaintiff James Clinton Bolton.
The common source of title of both the plaintiffs and the defendants is the said Theodore B. Tallmadge, the plaintiffs claiming by descent, and the defendants adversely under his will and subsequent conveyances, beginning with a deed from Philip Burrows, executor of Theodore B. Tallmadge, deceased. Probate of the said will was made, apparently in due form of law, in the Surrogate’s office in the county of New York, in 1841, and if the said probate cannot be assailed in this action, the defendants showed a sufficient title.
The plaintiffs contend that the said probate can be assailed in this action, and that it is invalid, by reason of the fact which may be assumed to have been proven at the trial, that Tallmadge, at the time of his death, *232 was an inhabitant of the State of New York, but notan inhabitant of the county of New York, and their contention rests upon the doctrine and decision of Bolton v. Jacks (6 Robt. 166).
The general doctrine of the case cited, namely, that want of jurisdiction renders void the judgment of any ■court, whether of superior or inferior, general or limited, or local jurisdiction; that the recital of jurisdictional facts in the record of such judgment is not conclusive (unless made so by statute), but only prima Jade evidence of the existence or occurrence of such facts; and that the party against whom the record of ■.such judgment is offered in evidence is not estopped by such recitals from showing affirmatively by proof dehors the record that they are untrue, and from thus avoiding the judgment, has stood the test of criticism and is now undoubted good law in this State. It was expressly approved by the court of appeals in Ferguson v. Crawford (70 N. Y. 253, 267).
The decision of the casé has not been so fortunate, and in respect to certain judicial determinations made "by surrogates’ courts it has been in part overruled and in part disapproved by the court of appeals.-
In Roderigas v. East River Savings Institution (63 N. Y. 469), it was held that the surrogate, in granting letters upon the estate of the plaintiff, who was not then dead, acted judicially ; that, under the statutes of this State, he had jurisdiction to issue the letters, upon a judicial inquiry and determination by him that death had occurred; and hence, that the letters so granted protected the defendant as an innocent third party as to the amount paid to the administratrix on the faith of the letters, though they were, in fact, granted on false evidence. This determination was made upon the con-struction of the statutes of this State regulating the jurisdiction and proceedings of surrogates’ courts, and it was held that [the said statutes furnish a complete *233 ■system; that in enacting the same the legislature intended to confer upon surrogates’ courts sole and exclusive jurisdiction over the subject of granting letters of administration, and as part of that jurisdiction to determine, upon sufficient evidence, the facts upon which their action must rest; that, if the case be a proper one, the surrogate must act and issue letters; and that thereupon the letters so issued are conclusive evidence of the authority of the administrator, until reversed on appeal or revoked.
The decision of the court of appeals in the case last referred to related to a judical determination made by a surrogate upon the question of death. But, as to a like determination of the question of inhabitancy, equally strong views were expressed, and the decision •of Bolton v. Jacks in that respect was expressly disapproved by Earl, J. (469), and questioned by Miller, J. (475), by a reference to two other reported cases which are in conflict with Bolton v. Jacks.
In deference to the views expressed by these learned judges on that occasion, I feel constrained to hold that the decision of Bolton v. Jacks is to be followed no longer; and that if there is a distinction to be made between a judicial determination upon the question of death and a judicial determination upon the question of inhabitancy, it is one which the plaintiffs should be left to urge upon the court of appeals. And inasmuch as letters testamentary stand upon precisely the same legal footing as letters of administration, and it not having been shown in this case, as was shown upon a re-trial of the Roderigas case, that the surrogate did not act judicially, the conclusion to be reached is that it Avas error to direct a verdict for the plaintiffs. Under the circumstances it is unnecessary to consider the •other questions presented by the exceptions.
The exceptions of the defendants should be sus *234 tained, the verdict set aside, and a new trial ordered, with costs to the defendants to abide the event.